**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION**

| | | |
|---|---|---|
| **State Farm Lloyds as subrogee of Edgar Medrano,** | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | **Civil Action No. 4:15-cv-284** |
| **Titeflex Corporation,** | § § § | |
| **Defendant.** | § | |

# EXHIBIT F4

342-276899-15

FILED
TARRANT COUNTY
4/6/2015 10:23:18 AM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 342-276899-15**

| | | |
|---|---|---|
| **STATE FARM LLOYDS AS SUBROGEE OF EDGAR MEDRANO,** | § § § | **IN THE 342ND JUDICIAL** |
| **Plaintiff,** | § § | |
| | § | **DISTRICT COURT OF** |
| vs. | § § | |
| **TITEFLEX CORPORATION, GASTITE DIVISION,** | § § § | |
| **Defendant.** | § | **TARRANT COUNTY, TEXAS** |

**DEFENDANT TITEFLEX CORPORATION'S SPECIAL EXCEPTIONS, ORIGINAL ANSWER, AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant Titeflex Corporation ("Titeflex") and files this Special Exceptions and Original Answer to Plaintiff's Original Petition ("Petition") filed by State Farm Lloyds as Subrogee of Edgar Medrano ("Plaintiff"), and would show respectfully show the Court:

**SPECIAL EXCEPTIONS**

Titeflex specially excepts to the portion of Plaintiff's Petition comprising of Section VII, which contains discovery requests directed toward Titeflex. Plaintiff's Petition fails to comply with TEX. R. CIV. P. 47(c), and accordingly Plaintiff is not allowed to conduct discovery until its pleadings are amended to comply with said rule. Furthermore, by Plaintiff not complying with said rule, Plaintiff's Petition is deficient on its face and should be stricken. Titeflex, pursuant to TEX. R. CIV. P. 47(c), requests the Court grant its special exception and strike Plaintiff's Petition.

**GENERAL DENIAL**

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Titeflex generally denies each and every material allegation contained in Plaintiff' Petition and/or live pleadings, and demands strict proof thereof, and to the extent that such matters are questions of fact, says that

1

Plaintiff should prove such facts by a preponderance of the evidence, clear and convincing evidence, or such other evidence as the law may require, and upon this denial, demands a trial of all issues before a jury.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, settling person, and responsible third-party.  Plaintiff's recovery, if any, from Titeflex should be reduced by the comparative negligence, fault, responsibility, or causation attributable to such other parties or persons.

### *Second Affirmative Defense*

Pleading further, Plaintiff's claims are subject to Section 82.005 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which requires that a claimant in a products liability action who alleges a design defect prove by a preponderance of the evidence that there was a safer alternative design *and* that the defect was a producing cause of the property damage or personal injury for which the claimant seeks recovery.

### *Third Affirmative Defense*

Pleading further, Titeflex did not install the fuel gas piping systems or its component parts in the Medrano's property.  If any negligence occurred or defect existed in connection with the gas piping system, such alleged defect or negligence was the result of the improper installation of the gas piping system or its component parts for which Titeflex is not responsible.

*Fourth Affirmative Defense*

Pleading further, Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Titeflex.

*Fifth Affirmative Defense*

Pleading further, Titeflex is entitled to all available credits and/or offsets provided by the TEXAS CIVIL PRACTICE & REMEDIES CODE and under Texas law and/or any other applicable law and/or statute.

*Sixth Affirmative Defense*

Pleading further, in the event Plaintiff settles with any party who may be responsible, in whole or in part, for any of the alleged injuries and/or damages, Titeflex pleads its entitlement to have such person designated as a settling person under TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.003.

*Seventh Affirmative Defense*

Pleading further, in the event Plaintiff files a non-suit or dismisses any party, whether a plaintiff or defendant, who may be responsible in whole or in part for any of the alleged injuries and/or damages, Titeflex pleads its entitlement to join and to file cross-claims for contribution against such dismissed party and/or to designate such party as a responsible third party under TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.004.

*Eighth Affirmative Defense*

Further answering and pleading in the alternative, Titeflex states Plaintiff's claim for exemplary damages is subject to the restrictions found in TEXAS CIVIL PRACTICE & REMEDIES CODE § 41.001 *et seq*.

*Ninth Affirmative Defense*

Titeflex currently has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, defenses available. Titeflex reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## REQUEST FOR DISCLOSURE

Under Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff is requested to disclose within 30 days of service of this request, the information and material described in Texas Rule of Civil Procedure 194.2 and 190.2(b)(6).

## DOCUMENTS TO BE USED

Pursuant to TEX. R. CIV. P. 193.3(d) and 193.7, Titeflex intends to use all documents exchanged and produced between the parties including, but not limited to, correspondence, disclosures, and discovery responses, during the trial of the above entitled and numbered cause.

## JURY DEMAND

Pursuant to the provisions of TEXAS RULE OF CIVIL PROCEDURE 216, Titeflex hereby formally makes this demand for a jury trial in this litigation and tenders the appropriate fee for same.

## PRAYER FOR RELIEF

WHEREFORE, Titeflex respectfully prays for judgment as set forth below:

- A. That Plaintiff take nothing by reason of Plaintiff's Petition or other pleading;
- B. That the Petition, including all claims and any relief sought by Plaintiff, be dismissed with prejudice;
- C. For an award of reasonable attorneys' fees;
- D. For an award of costs of suit; and

342-276899-15

  E. For such other and further relief as the Court may deem appropriate, just and proper under the circumstances.

    Respectfully submitted,

    **Yarbrough Wilcox, PLLC**
    100 E. Ferguson, Suite 1015
    Tyler, Texas 75702
    903-595-3111 office
    903-595-0191 fax

    */s/ Dallas W. Tharpe*
    **Dallas W. Tharpe**
    Bar No. 24052036
    dallas@yw-lawfirm.com
    **Trey Yarbrough**
    Bar No. 22133500
    trey@yw-lawfirm.com

    **ATTORNEYS FOR DEFENDANT TITEFLEX CORPORATION**

5

342-276899-15

## **CERTIFICATE OF SERVICE**

I certify that the foregoing has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 6th day of April, 2015.

*/s/ Dallas W. Tharpe*
**Dallas W. Tharpe**